UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TERESA LORENZ, | Case No. 13-CV-0986 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| JPMORGAN CHASE, | |
| Defendant. | |

---

Teresa Lorenz, pro se.

Calvin P. Hoffman, Phillip J. Ashfield, and Timothy M. Kelley, STINSON LEONARD STREET LLP, for defendant.

In a two-count complaint, plaintiff Teresa Lorenz alleged that defendant JPMorgan Chase ("JPMorgan") negligently made false representations to her and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. This matter is before the Court on Lorenz's motion to amend her complaint. *See* ECF No. 28. Lorenz seeks to fundamentally transform her lawsuit by adding several additional defendants and six additional causes of action. Lorenz's motion is denied for two reasons.

*First*, Lorenz filed her motion to amend more than four months after the deadline set in the pretrial scheduling order for bringing such motions. *See* ECF No. 20 at 1 (requiring that any motions to amend the pleadings be filed no later than December 1, 2013). A scheduling order "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4); *accord Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497-98 (8th Cir. 2008). Nothing in the three memoranda filed by Lorenz in support of her motion to amend the complaint justifies the lengthy delay in filing her motion. Lorenz argues that she only recently learned of certain details regarding some of the

claims that she seeks to add, but the purported "newly discovered evidence" she cites could have been discovered long ago if Lorenz had been even minimally diligent. Indeed, the vast majority of the events cited by Lorenz as justifying her delay occurred months or (in some instances) *years* before the deadline for filing her motion to amend had expired, and all of the evidence cited by Lorenz could have been discovered well in advance of that deadline.

*Second*, Lorenz's proposed amendments are futile. Some of Lorenz's new claims appear to be premised on the thoroughly discredited "show-me-the-note" theory. *See Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 980 (D. Minn. 2012) ("A plaintiff bringing a show-me-the-note claim generally argues that, because the entity that holds her mortgage . . . is not the same as the entity that holds her note . . . the mortgage on her home or the foreclosure of that mortgage is invalid. This argument is frivolous when made under Minnesota law."). Other new claims are premised on the similarly discredited theory that mortgagors may seek relief based "on allegations that their notes and mortgages were transferred to trusts underlying mortgage-backed securities and that their foreclosures violated the terms of the trust agreements relating to these mortgage-backed securities." *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013). Finally, Lorenz's proposed amended complaint does not contain sufficient factual allegations to render any of her new claims "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For these reasons, Lorenz's motion to amend the complaint is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Teresa Lorenz's motion to amend the complaint [ECF No. 28] is DENIED.

Dated: May  28 , 2014					s/Patrick J. Schiltz
							Patrick J. Schiltz
							United States District Judge